UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT K, KING, | ) Case No. EDCV 09-297 CAS(JC) |
| Petitioner, | ) |
| | ) ORDER TO SHOW CAUSE |
| v. | ) |
| DERWAL ADAMS, | ) |
| Respondents. | ) |

On January 22, 2009, Scott K. King ("petitioner"), a state prisoner proceeding *pro se*, signed a "Petition for Writ of Habeas Corpus by a Person in State Custody" (the "Petition"), which was formally filed on February 10, 2009.[1] The Petition challenges petitioner's April 30, 2005 conviction following a jury trial in the San Bernardino County Superior Court. (Petition at 2).

On February 13, 2009, this court issued an order directing the parties to file memoranda addressing whether the Petition is barred by the statute of limitations

---

[1] Under the mailbox rule as set forth in Houston v. Lack, 487 U.S. 266, 276, (1988), the date a federal habeas application is provided to prison authorities is treated as the date of filing for statute of limitations purposes. As the date the petitioner signed the Petition is the earliest date on which he could have provided such document to prison authorities for mailing, this court liberally construes the Petition to have been filed on such date.

("February Order").² The February Order directed respondent to file such a memorandum within thirty (30) days, and petitioner to file a memorandum within twenty (20) days of service of respondent's memorandum. Respondent filed and served a Memorandum Regarding Statute of Limitations on March 13, 2009. Respondent's memorandum contends that the Petition is time-barred. Although petitioner's memorandum was due no later than April 2, 2009, he has not filed such a memorandum or sought an extension of time to do so.

In light of the foregoing, petitioner is hereby ORDERED TO SHOW CAUSE, within fourteen (14) days of the date of this Order, why this action should not be dismissed with prejudice based upon petitioner's failure to comply with this court's February Order, petitioner's failure to prosecute this action, and/or petitioner's failure to file the Petition within the statute of limitations.

Petitioner is cautioned that the failure timely to comply with this Order to Show Cause will result in a recommendation that this action be dismissed based upon petitioner's failure to comply with this court's orders, petitioner's failure to prosecute this action, and/or petitioner's failure to file the Petition within the statute of limitations.

IT IS SO ORDERED.

DATED:   May 5, 2009

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

---

²Federal courts are permitted to consider, sua sponte, the timeliness of a state prisoner's habeas petition. Day v. McDonough, 126 S. Ct. 1675, 1684 (2006); Herbst v. Cook, 260 F.3d 1039, 1042 (9th Cir. 2001). A court must, however, accord the parties fair notice and an opportunity to present their positions before taking any action on that basis. Day, 126 S. Ct. At 1684; Herbst, 260 F.3d at 1043.